IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEREK HAYES, | ) | CIVIL NO. 14-00158 DKW-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | THAT (1) PLAINTIFF'S |
| vs. | ) | APPLICATION TO PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES BE DENIED |
| | ) | AND (2) PLAINTIFF'S REQUEST FOR |
| RAYMOND MABUS, SECRETARY | ) | APPOINTMENT OF COUNSEL BE |
| DEPARTMENT OF THE NAVY, | ) | DENIED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND (2) PLAINTIFF'S
REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED[1]

On April 3, 2014, *pro se* Plaintiff Derek Hayes ("Plaintiff") filed an Employment Discrimination Complaint ("Complaint"), which alleges that Defendant Raymond Mabus, Secretary of the Navy ("Defendant") discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees or Costs ("IFP Application") and Request for

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Appointment of Counsel ("Counsel Request"), which were filed on the same day. The Court finds these matters suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's IFP Application, Counsel Request, and Complaint, and the supporting declarations attached thereto, the Court HEREBY FINDS AND RECOMMENDS that (1) Plaintiff's IFP Application be DENIED and (2) Plaintiff's Counsel Request be DENIED.

ANALYSIS

A. **Plaintiff's IFP Application Should Be Denied**

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to

affiant's poverty with some particularity, definiteness and certainty").

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2014 Poverty Guidelines indicate that the poverty threshold for a single-person family in Hawaii is $13,420.00. 2014 HHS Poverty Guidelines, 79 Fed. Reg. 3593-94 (Jan. 22, 2014). Plaintiff has submitted a declaration stating that he receives $6,000.00 in gross pay and $2,300.00 in take-home pay every two weeks, in addition to disability benefits in the amount of $255.68 per month. Plaintiff further states that he has 5,500.00 in cash or in a checking or savings account. Plaintiff's annual income and assets far exceed the poverty threshold in Hawaii. Therefore, the Court finds that Plaintiff has failed to demonstrate that he is unable to pay court costs at this time and does not qualify for IFP status under 28 U.S.C. § 1915(a)(1).

**B. Plaintiff's Request for Appointment of Counsel Should Be Denied**

There is no constitutional right to the appointment of counsel in employment discrimination cases. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982). However, Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ." 42 U.S.C. § 2000e-5(f)(1). The

decision to appoint counsel in Title VII cases is left to the sound discretion of the district court. Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994). The following three factors are relevant to a court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim. Id. at 416-17. The Court addresses these factors in turn.

As to the first factor, the Court has found that Plaintiff's yearly income far exceeds the poverty threshold for Hawaii and he does not qualify for IFP status. Likewise, the Court finds that Plaintiff's financial resources weigh against appointing counsel.

The second factor requires the plaintiff to "make what can be considered a reasonably diligent effort under the circumstances to obtain counsel." Id. In Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301 (9th Cir. 1981), the plaintiff met this threshold by contacting more than ten attorneys, each of whom declined to represent her except upon financial terms that she was unable to meet. Id. at 1319. Here, Plaintiff does not appear to have contacted any attorneys for representation. See Counsel Request, at ¶ 4. As a result, the Court finds that Plaintiff has not made a reasonably diligent effort under the circumstances to obtain counsel.

4

Finally, the plaintiff must show that his claim has "some merit." Bradshaw, 662 F.2d at 1319. In deciding whether a Title VII claim has some merit, "the EEOC determination regarding 'reasonable cause' should be given appropriate weight." Id. at 1319-20. In this case, an Administrative Judge ("AJ") determined that Plaintiff had presented insufficient evidence to create an inference that Defendant discriminated against him on the basis of race or retaliation. See Hayes v. Mabus, EEOC No. 480-2012-00079X, at 14 (L.A. Dist. Sept. 27, 2013); attached to Counsel Request, at PageID #65. Plaintiff was given notice of his right to appeal the AJ's decision to the EEOC or to federal court. In light of the AJ's determination that Plaintiff failed to establish even a prima facie case of discrimination, the Court cannot definitively say that Plaintiff's claim has "some merit." Therefore, the Court finds that the third factor is neutral and weighs neither in favor nor against the of appointment of counsel.

On balance, the Court finds that these three factors weigh against appointment of counsel. In particular, the Court finds that Plaintiff's failure to make any effort to obtain counsel weighs most heavily. Moreover, the Court observes that Plaintiff's Complaint does not present complex issues of law, and he appears capable of articulating the facts and legal issues in court and is therefore seemingly able to proceed *pro se*. See McCue v. Food Pantry, Ltd., Civ. No. 08-00129 ACK-KSC, 2008 WL

852018, at *3 (D. Haw. Mar. 28, 2008).  Indeed, the Court notes that, in most cases, it cannot expend public resources to provide plaintiffs with counsel.  Id.  Accordingly, the Court recommends that Plaintiff's request for appointment of counsel be denied.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, filed on April 3, 2014, be DENIED.  The Court further FINDS AND RECOMMENDS that Plaintiff's Request for Appointment of Counsel, also filed on April 3, 2014, be DENIED.  If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee within thirty (30) days from the date this Order and Findings and Recommendation is acted upon.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, APRIL 7, 2014.



```
_____
Richard L. Puglisi
United States Magistrate Judge
```

**HAYES V. MABUS; CIVIL NO. 14-00158 DKW-RLP; FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND (2) PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED**